UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

ROLAND EDWARD FAIRCHILD,                    Case No. 16-32141-KRH
DBA FAIRCHILD VAULT SERVICE                 (Chapter 13)

     Debtor,


FEDERAL NATIONAL MORTGAGE                   Ref. Dkt. #54
ASSOCIATION ("FANNIE MAE")
CREDITORS C/O SETERUS INC,

     Movant,

vs.

ROLAND EDWARD FAIRCHILD,
DBA FAIRCHILD VAULT SERVICE,
and SUZANNE E. WADE, Trustee.

     Respondents,

_____

**<u>CONSENT ORDER MODIFYING AUTOMATIC STAY</u>**

     This matter was settled prior to the scheduled December 13, 2017 hearing on the

motion for relief from the automatic stay filed by Federal National Mortgage Association

("Fannie Mae")  Creditors c/o Seterus Inc ("Movant") with respect to the real property

located at 8606 Courthouse Road, Spotsylvania, VA 22551 and more particularly

described as follows:

Kathryn E. Smits, Bar #77337
ksmits@orlans.com
Sameera Navidi, Bar #89441
snavidi@orlans.com
Orlans PC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

ALL THAT CERTAIN LOT OR PARCEL OF LAND, SITUATE, LYING AND BEING IN COURTLAND
MAGISTERIAL DISTRICT, SPOTSYLVANIA COUNTY, VIRGINIA, CONTAINING 5.410 ACRES AND
IDENTIFIED AS PARCEL (2), AS SHOWN ON PLAT OF SURVEY MADE BY ROBERT W. FARMER, JR.,
C.L.S., DATED MAY 2, 1994 AND RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF
SPOTSYLVANIA COUNTY, VIRGINIA, IN PLAT FILE 4, PAGE 613.

Upon consideration of which, it is

**ORDERED:**

1.    The debtor will resume making regular monthly installment payments in the amount of $2,620.07, directly to Seterus, Inc. (Box #54420), 1200 West 7th Street, Suite L2-200, Los Angeles, California 90017, as they become due commencing on January 1, 2018, subject to adjustment as due under the Note.

2.    The debtor will cure the post-petition arrearage currently due to the movant for August, 2017 through December, 2017 in the total amount of $13,846.20, through the filing and confirmation of a Modified Chapter 13 Plan.  The Modified Plan will be filed within forty-five (45) days from the date of entry of this Consent Order Modifying Stay and nothing in this Order shall prevent the Trustee or other creditors from filing objections, if they deem it appropriate to do so.  Movant will amend their Proof of Claim to include the post-petition arrearage.   The post-petition arrearage includes five (5) post-petition payments in the amount of $2,620.07 each for the months of August, 2017 through December, 2017, attorneys' fees and costs in the amount of $1,031.00 for the filing of the Motion for Relief from Stay and provides for a credit of $285.15 in debtor's suspense.

3.    In the event that the Modified Chapter 13 Plan is not filed within forty-five (45) days from the date of entry of this Consent Order Modifying Stay or if any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's

counsel and the trustee by first class mail, postage prepaid, or by email at the same time

as the notice of default is mailed to the debtor. The notice of default will state in simple

and plain language:

a. That the debtor failed to file a modified Chapter 13 Plan consistent with the terms above, and/or that the debtor is in default in making at least one payment required under this order;

b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed;

d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

    i. cure the default;

    ii. file an objection with the court stating that no default exists; or

    iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d),

the movant may submit a certificate stating that it has complied with the terms of this

order and that neither the debtor nor the trustee has taken one of the actions set forth in

paragraph 3(d) and may submit together with the certificate a draft order terminating the

automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for

hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At

the hearing, the court may terminate the stay or take other action appropriate to the

circumstances.

4.      The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.      Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.      The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.      Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and preparation of an order terminating the automatic stay.

Jan 22 2018
_____, Virginia
_____, 20_____

/s/ Kevin R Huennekens
_____
Kevin R. Huennekens
U.S. Bankruptcy Court Judge

Entered on Docket:  Jan 23 2018

WE ASK FOR THIS:

____/s/ Sameera Navidi_____
Kathryn Smits, Bar #77337

ksmits@orlans.com
Sameera Navidi, Bar #89441
snavidi@orlans.com
Orlans PC
P.O. Box 2548
Leesburg, Virginia 20177
(703) 777-7101


___/s/ Robert Easterling_____
Robert Easterling, Esquire
2217 Princess Anne St., Ste. 100-2
Fredericksburg, VA 22401
Attorney for the Debtor
Re: Case No. 16-32141-KRH


SEEN W/ RESERVATION OF RIGHT
TO OBJECT TO MODIFIED PLAN:


___/s/ Suzanne E. Wade_____
Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780
Re: Case No. 16-32141-KRH

## **CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

___/s/ Sameera Navidi_____
Kathryn E. Smits, Esquire
Sameera Navidi, Esquire



The Clerk shall mail a copy of the entered Order to the following:

Kathryn E. Smits, Esquire
Sameera Navidi, Esquire
Orlans PC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

Roland Edward Fairchild
8616 Courthouse Road
Spotsylvania, VA 22551
Debtor

Robert Easterling, Esquire
2217 Princess Anne St., Ste. 100-2
Fredericksburg, VA 22401
Attorney for the Debtor

Suzanne E. Wade, Trustee
P.O. Box 1780
Richmond, VA 23218-1780